UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BIMBO BAKERIES USA, INC.,**

   Plaintiff,

v.                                           No. 4:21-cv-1079-P

**BAKERY, CONFECTIONERY, TOBACCO WORKERS AND GRAIN MILLERS INTERNATIONAL UNION, LOCAL, 111**

   Defendant.

## MEMORANDUM OPINION & ORDER

This case involves the Court's review of a labor arbitration award ("Award") between Plaintiff Bimbo Bakeries, Inc. ("Bimbo") and Defendant Bakery, Confectionary, Tobacco Workers, and Grain Millers International Union, Local 111 ("the Union"). The parties filed Cross-Motions for Summary Judgment that are ripe for review. ECF Nos. 21-22. In their motions, Bimbo seeks to vacate the Award, and the Union requests that this case be remanded to the arbitrator because the Award is incomplete or alternatively seeks to affirm the Award. *Id.* For the reasons below, the Court **DENYS** Bimbo's Motion for Summary Judgment and **GRANTS** the Union's Motion for Summary Judgment. Accordingly, the Court **DISMISSES** this case without prejudice and **REMANDS** this matter to the arbitrator for further proceedings.

## BACKGROUND

Bimbo and the Union are parties to a collective-bargaining agreement ("CBA") governing bakery employees' wages, hours, and working conditions for bargaining unit employees at Bimbo's facility in Fort Worth, Texas. *See* ECF No. 1. At the bakery, the employees have 40-hour work weeks based on a seven-day work week. *Id.* ¶ 10. Bimbo's practice is to post work schedules for the upcoming week on Fridays. *See* ECF No. 1. The work schedules start on Sundays and end on Saturdays. *Id.* Bimbo uses these work schedules to determine overtime pay eligibility. *Id.* ¶ 23.

Under Article 19 of the CBA, employees can earn extra compensation, called "earned work credits" ("EWC"), which are paid to "employee[s] who [are] assigned to work a schedule that does not provide for two (2) consecutive days off." ECF No. 1 at 31-32. The EWCs are paid out to employees each December as part of their compensation. *Id.* ¶ 14. Before 2019, most employees did not have both Saturday and Sunday as consecutive days off. *Id.* ¶ 15. But in January 2019, Bimbo implemented a new work schedule providing employees with weekends off. *Id.* ¶ 18. Specifically, the new schedule provided that employees would have the first day of each workweek (Sunday) off and the last day of the workweek (Saturday) off. *Id.*

Bimbo did not pay EWCs under the new schedule for weekends off. *Id.* The Union argues that they were still entitled to the EWCs under Article 19 because Saturday and Sunday were non-consecutive workdays under the new schedule. *Id.* As a result, the Union grieved Bimbo's actions as outlined in the CBA, and on April 8, 2021, the parties conducted an arbitration hearing before Arbitrator Michael Z. Green. *Id.* ¶ 21. According to the parties' agreement, the Arbitration was bifurcated into liability and damages phases. The parties requested that Arbitrator Green first address liability. ECF No. 1 at Ex. 2. If the arbitrator affirmed the Union's grievance, the parties agreed that they would attempt to settle on the proper remedy. *Id.* The parties also agreed that if they could not settle on a remedy, the arbitrator would maintain jurisdiction to clarify the decision and the Award to determine the final remedy. *Id.*

Arbitrator Green issued his award on August 11, 2021, sustaining the Union's grievance and finding that Bimbo violated the CBA by not paying EWCs under the new schedule. ECF No. 1 at Ex. 2. Arbitrator Green also agreed to maintain jurisdiction for 30 days, or until September 10, 2021, to allow the parties to negotiate a remedy. *Id.* The parties attempted to agree to a remedy and even agreed to extend Arbitrator Green's jurisdiction for another 30 days (October 10, 2021). ECF No. 1. But an agreement was not forthcoming. Rather than completing the arbitration process as agreed, Bimbo filed this lawsuit on September 23, 2021, seeking to vacate the Award. *Id.* Now before the Court are the parties' cross-motions for summary judgment.

2

## LEGAL STANDARD

Summary judgment is appropriate where the movant demonstrates "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To show an issue as to material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must show sufficient evidence to resolve issues of material fact in its favor. *Anderson*, 477 U.S. at 249.

When evaluating a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255. But it is not incumbent upon the Court to comb through the record in search of evidence that creates a genuine issue as to a material fact. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party must cite evidence in the record that establishes the existence of genuine issues as to the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Finally, when parties file cross-motions for summary judgment, the court "review[s] each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *See, e.g.*, *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219, 224 (5th Cir. 2020) (quoting *Green v. Life Ins. Co.*, 754 F.3d 324, 329 (5th Cir. 2014)).

## ANALYSIS

After much consideration, this Court holds that prudence and persuasive authority dictate that it is premature to review the Award because it is incomplete and does not address a remedy.

Although the Fifth Circuit has never spoken on this issue, other courts that directly addressed this issue have all held that a district court should decline to review an incomplete arbitration award.[1] Instructive is *Local 36,*

---

[1] *See, e.g., Peabody Holding Co., LLC v. United Mine Workers of Am., Int'l Union, Unincorporated Ass'n*, No. 14-2032, 2016 WL 878002, at *3 (4th Cir. Mar. 8, 2016); *Union Switch & Signal Div. Am. Standard Inc. v. United Elec. Workers, Local 610*, 900 F.2d 608,

*Sheet Metal Workers Int'l. Ass'n v. Pevely Sheet Metal Co.*, 951 F.2d 947 (8th Cir. 1992). In that case, the Eighth Circuit held that "[f]or an arbitration to be final and therefore federal court jurisdiction to be proper, there must be a 'complete arbitration.'" *Id.* at 949–50. The court explained that under the "complete arbitration rule," the arbitration was incomplete because the arbitrator, as here, determined liability but not damages. *Id.* As a result, the court held that the district court had no jurisdiction to consider whether the arbitration award should be enforced. *Id.*; *see also Wooten v. Fisher Invs.*, 688 F.3d 487, 491 (8th Cir. 2012) (holding that district court lacked jurisdiction to consider a challenge to an arbitration ruling that "simply decided the substantive rights of the parties during the arbitration" under the "complete arbitration rule.")[2]

There is some disagreement as to whether courts refer to the complete arbitration rule in jurisdictional terms like the Eight Circuit did in *Pevely Sheet Metal*. For example, in *Union Switch & Signal Div. Am. Standard, Inc. v. United Elec., Radio and Mach. Workers of Am., Local 610*, 900 F.2d 608 (3d Cir. 1990), the Third Circuit held that "the complete arbitration rule, while a

---

612–14 (3d Cir. 1990); *Millmen Local 550, United Bhd. of Carpenters v. Wells Exterior Trim*, 828 F.2d 1373, 1375–76 (9th Cir. 1987); *Gillespie v. Acme Markets, Inc.*, No. CV 14-7779, 2016 WL 1626017, at *3 (D.N.J. Apr. 25, 2016) (all declining to review labor arbitration decisions until the arbitrator has ruled on both liability and remedies).

[2]Bimbo's reliance on the Fifth Circuit's opinion in *Delek Ref., Ltd. v. Loc. 202, United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFLCIO*, 891 F.3d 566 (5th Cir. 2018) and the underlying opinion in *Delek Ref., Ltd. v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO*, No. 615CV00491RWSKNM, 2017 WL 4479615, at *1 (E.D. Tex. Feb. 7, 2017), *report and recommendation adopted sub nom. Delek Ref., Ltd. v. United Steel*, No. 615CV00491RWSKNM, 2017 WL 4510591 (E.D. Tex. Mar. 27, 2017), *aff'd sub nom. Delek Ref., Ltd. v. Loc. 202, United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFLCIO*, 891 F.3d 566 (5th Cir. 2018) is so severely misplaced that it barely merits mention. Although Bimbo suggests that the Fifth Circuit "implicitly rejected" the application of the complete arbitration rule, the cited decision did not even address or discuss the rule. Further, the underlying magistrate's opinion did not address the complete arbitration rule and the union there did not even argue that the arbitration award at issue was incomplete. This is hardly a rejection of the well-established rule of complete arbitration under any stretch of the imagination.

cardinal and salutary rule of judicial administration, is not a limitation on a district court's jurisdiction." *Id.* at 613 (citing *Millmen Local 550 v. Wells Exterior Trim*, 828 F.2d 1373, 1375 (9th Cir. 1987)).

Likewise, in another labor arbitration case, the Fourth Circuit held that "the complete arbitration rule does not concern federal subject matter jurisdiction in the strict sense. . . but necessarily constitutes only a prudential limitation on a court's authority to review a labor arbitrator's decision." *Peabody Holding Co. v. United Marine Workers of Am.*, 815 F.3d 154, 159 (4th Cir. 2016). In the language applicable here, the court also explained:

> Although only prudential, the complete arbitration rule still draws from the same well of policy rationales as its strictly jurisdictional relatives. As noted, under 28 U.S.C. § 1291, a district court generally must have entered a final judgment or order before a court of appeals can take the case. This requirement "preserves judicial economy by ensuring that a district court maintains authority over a case until it issues a final and appealable order, thus preventing piecemeal litigation and repeated appeals."
>
> The complete arbitration rule promotes similar ends. It ensures that courts will not become incessantly dragooned into deciding narrow questions that form only a small part of a wider dispute otherwise entrusted to arbitration. And it mitigates the possibility of one party using an open courthouse door to delay the arbitration. Finally, it makes good sense, when working within a hierarchical system, to give the decision maker at each level a full and fair say as to the whole problem before passing the case on to the next review stage. Internal appeals in the state and federal courts generally abide by this principle, and there is no reason it should not operate as a presumptive maxim in this context.

*Id.* at 159–60 (citation omitted).

Whether the complete arbitration rule is based on the Court's subject-matter jurisdiction or simply a wise prudential limitation on its authority to review an arbitration award is not an issue this Court needs to decide. Because under either theory, the Court's holding is the same. The Court thus declines to review the Award because it is incomplete and not a final award. Given its busy docket, this Court refuses to involve itself in premature, piecemeal (and likely duplicative) litigation. Indeed, this is precisely the type of case in which numerous wise jurists have applied the complete arbitration rule and

5

determined that valuable judicial resources should be devoted to other matters.

Therefore, due to the continuing dispute over damages, there is simply no final award for this Court to review. As a result, the Court declines to review the case, and it is **DISMISSED WITHOUT PREJUDICE** and **REMANDED** to the Arbitration. All relief not expressly granted herein is **DENIED**.

**SO ORDERED** this **24th day** of **August 2022**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE